| | |
|---|---|
| 1 | KARL J. KRAMER (CA SBN 136433) |
| | KKramer@mofo.com |
| 2 | COLETTE R. VERKUIL (CA SBN 263630) |
| | cverkuil@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 4 | Palo Alto, California 94304-1018 |
| | Telephone: 650.813.5600 |
| 5 | Facsimile: 650.494.0792 |

Attorneys for Plaintiff
ALTERA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERA CORPORATION, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY** |
| v. | |
| PACT XPP TECHNOLOGIES, AG, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Altera Corporation ("Altera"), by and through its attorneys, alleges as follows:

**PARTIES**

1. Altera is a corporation organized under the laws of the State of Delaware with its principal place of business at 101 Innovation Drive, San Jose, California 95134. Altera regularly conducts business in the Northern District of California.

2. Upon information and belief, Defendant PACT XPP Technologies, AG, ("PACT") is a German corporation, with its principal place of business at Muthmannstr. 1, D-80939 Munich, Germany.

3. PACT alleges that it is the assignee and owner of the patents at issue in this action: U.S. Patent Nos. 6,088,795; 6,728,871; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; 6,338,106; 6,513,077; 6,526,520; 7,237,087; and 7,565,525.

**JURISDICTION AND VENUE**

4. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Defendants for a declaration that pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., the disputed claims of U.S. Patent Nos. 6,088,795; 6,728,871; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; 6,338,106; 6,513,077; 6,526,520; 7,237,087; and 7,565,525 (collectively the "PACT patents-in-suit") are not infringed by Plaintiff and are invalid. Jurisdiction as to these claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338 (a).

5. Upon information and belief, this Court has personal jurisdiction over PACT by virtue of PACT's sufficient minimum contacts with this forum. PACT acts in this judicial district through its agent, Alliacense, which is located at 20883 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014. On February 20, 2014, Alliacense sent a letter to Altera indicating that it acts for PACT as the manager of its licensing program. In a subsequent meeting, PACT, acting through Alliacense, accused Altera of infringing the patents-in-suit and claimed that Altera must obtain licenses for those patents from PACT. PACT has sufficient minimum contacts with this forum because it has asserted its patents through Alliacense in this district.

6.      Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391 and 1400(b). PACT is a corporation that is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7.      This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## THE PATENTS-IN SUIT

8.      The United States Patent and Trademark Office (the "USPTO") issued U.S. Patent No. 6,088,795 ("the '795 patent"), entitled "Process for Automatic Dynamic Reloading of Data Flow Processors (DFPs) and Units with Two or Three-Dimensional Programmable Cell Architectures (FPGAs, DPGAs and the like)" on July 11, 2000.

9.      The USPTO issued U.S. Patent No. 6,728,871 ("the '871 patent"), entitled "Runtime Configurable Arithmetic and Logic Cell" on April 27, 2004.

10.     The USPTO issued U.S. Patent No. 6,119,181 ("the '181 patent"), entitled "I/O and Memory Bus System for DFPs and Units with Two- or Multi-Dimensional Programmable Cell Architectures" on September 12, 2000.

11.     The USPTO issued U.S. Patent No. 6,542,998 ("the '998 patent"), entitled "Method of Self-Synchronization of Configurable Elements of a Programmable Module" on April 1, 2003.

12.     The USPTO issued U.S. Patent No. 5,943,242 ("the '242 patent"), entitled "Dynamically Reconfigurable Data Processing System" on August 24, 1999.

13.     The USPTO issued U.S. Patent No. 6,859,869 ("the '869 patent"), entitled "Data Processing System" on February 22, 2005.

14.     The USPTO issued U.S. Patent No. 7,028,107 ("the '107 patent"), entitled "Process for Automatic Dynamic Reloading of Data Flow Processors (DFPs) and Units with Two- or Three-Dimensional Programmable Cell Architectures (FPGAs, DPGAs, and the like)" on April 11, 2006.

15.     The USPTO issued U.S. Patent No. 6,338,106 ("the '106 patent"), entitled "I/O and Memory Bus System for DFPs and Units with Two or Multi-Dimensional Programmable Cell Architectures" on January 8, 2002.

16. The USPTO issued U.S. Patent No. 6,513,077 ("the '077 patent"), entitled "I/O and Memory Bus System for DFPS and Units with Two or Multi-Dimensional Programmable Cell Architectures" on January 28, 2003.

17. The USPTO issued U.S. Patent No. 6,526,520 ("the '520 patent"), entitled "Method of Self-Synchronization of Configurable Elements of a Programmable Unit" on February 25, 2003.

18. The USPTO issued U.S. Patent No. 7,237,087 ("the '087 patent"), entitled "Reconfigurable Multidimensional Array Processor Allowing Runtime Reconfiguration of Selected Individual Array Cells" on June 26, 2007.

19. The USPTO issued U.S. Patent No. 7,565,525 ("the '525 patent") entitled "Runtime Configurable Arithmetic and Logic Cell" on July 21, 2009.

**DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

20. Prior to the filing of this Complaint, PACT made assertions to Altera that certain of Altera's Field Programmable Gate Array ("FPGA") products allegedly infringe certain disputed claims of U.S. Patent Nos. 6,088,795; 6,728,871; 6,119,181; 6,542,998; 5,943,242; 6,859,869; 7,028,107; 6,338,106; 6,513,007; 6,526,520; 7,237,087; and 7,565,525. PACT represents that it owns and has the right to enforce these patents. Altera has a reasonable apprehension that Altera may be sued on the basis of such claims.

21. By virtue of these acts, an actual and justiciable controversy exists between the parties concerning Altera's liability for the alleged infringement of the disputed claims of the patents-in-suit. Altera now seeks a declaratory judgment of noninfringement and invalidity of the disputed claims of the PACT patents-in-suit.

**COUNT I**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,088,795)**

22. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

23. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '795 patent.

24. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '795 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

25. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '795 patent. A true and correct copy of the '795 patent is attached hereto as Exhibit 1.

26. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '795 patent.

27. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '795 patent.

28. The disputed claims of the '795 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

## COUNT II
### (NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,728,871)

29. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

30. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '871 patent.

31. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '871 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

32. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '871 patent entitled. A true and correct copy of the '871 patent is attached hereto as Exhibit 2.

33. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '871 patent.

34. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '871 patent.

35. The disputed claims of the '871 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT III**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,119,181)**

36. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

37. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '181 patent.

38. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '181 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

39. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '181 patent. A true and correct copy of the '181 patent is attached hereto as Exhibit 3.

40. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '181 patent.

41. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '181 patent.

42. The disputed claims of the '181 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT IV**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,542,998)**

43. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

44. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '998 patent.

45. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '998 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

46. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '998 patent. A true and correct copy of the '998 patent is attached hereto as Exhibit 4.

47. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '998 patent.

48. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '998 patent.

49. The disputed claims of the '998 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT V**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,943,242)**

50. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

51. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '242 patent.

52. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '242 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

53. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '242 patent. A true and correct copy of the '242 patent is attached hereto as Exhibit 5.

54. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '242 patent.

55. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '242 patent.

56. The disputed claims of the '242 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT VI**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,859,869)**

57. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

58. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '869 patent.

59. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '869 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

60. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '869 patent. A true and correct copy of the '869 patent is attached hereto as Exhibit 6.

61. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '869 patent.

62. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '869 patent.

63. The disputed claims of the '869 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT VII**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,028,107)**

64. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

65. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '107 patent.

66. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '107 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

67. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '107 patent. A true and correct copy of the '107 patent is attached hereto as Exhibit 7.

68. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '107 patent.

69. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '107 patent.

70. The disputed claims of the '107 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT VIII**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,338,106)**

71. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

72. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '106 patent.

73. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '106 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

74. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '106 patent. A true and correct copy of the '106 patent is attached hereto as Exhibit 8.

75. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '106 patent.

76. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '106 patent.

77. The disputed claims of the '106 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

## COUNT IX
### (NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,513,077)

78. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

79. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '077 patent.

80. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '077 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

81. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '077 patent. A true and correct copy of the '077 patent is attached hereto as Exhibit 9.

82. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '077 patent.

83. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '077 patent.

84. The disputed claims of the '077 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

### COUNT X
### (NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,526,520)

85. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

86. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '520 patent.

87. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '520 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

88. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '520 patent. A true and correct copy of the '520 Patent is attached hereto as Exhibit 10.

89. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '520 patent.

90. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '520 patent.

91. The disputed claims of the '520 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

### COUNT XI
### (NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,237,087)

92. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

93. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '087 patent.

94. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '087 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

95. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '087 patent. A true and correct copy of the '087 patent is attached hereto as Exhibit 11.

96. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '087 patent.

97. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '087 patent.

98. The disputed claims of the '087 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

**COUNT XII**
**(NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,565,525)**

99. The allegations contained in paragraphs 1 through 21 are incorporated by reference as if fully set herein.

100. PACT claims to be the owner and assignee of all rights, title, and interest in and under the '525 patent.

101. PACT, through its agent Alliacense, communicated to Altera that it has the right to assert the '525 patent and that Altera must obtain a license under that patent from PACT for certain of Altera's FPGA products.

102. As a result of Defendants' allegations against Altera, an actual controversy exists as to the infringement of the disputed claims of the '525 patent. A true and correct copy of the '525 patent is attached hereto as Exhibit 12.

103. Altera is not infringing and has not infringed, either directly or indirectly, any disputed claim of the '525 patent.

104. As a result of Defendants' allegations of infringement against Altera, an actual controversy exists as to the validity of the disputed claims of the '525 patent.

105. The disputed claims of the '525 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

## PRAYER FOR RELIEF

WHEREFORE, Altera prays for judgment as follows:

A. A declaration that the disputed claims of the PACT patents-in-suit are not infringed by Altera;

B. A declaration that the disputed claims of the PACT patents-in-suit are invalid; and

C. Any and all other legal and equitable relief as may be available under law and which the court may deem proper.

Dated: June 20, 2014

KARL J. KRAMER
COLETTE R. VERKUIL
MORRISON & FOERSTER LLP

By: /s/ Karl J. Kramer
   KARL J. KRAMER

Attorneys for Plaintiff
ALTERA CORPORATION

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Altera hereby demands trial by jury on all issues raised by the Complaint.

Dated: June 20, 2014

KARL J. KRAMER
COLETTE R. VERKUIL
MORRISON & FOERSTER LLP

By: /s/ Karl J. Kramer
    KARL J. KRAMER

Attorneys for Plaintiff
ALTERA CORPORATION