UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>PACT XPP TECHNOLOGIES, AG,<br><br>    Defendant. | Case No.  14-cv-02868-JD<br><br>**ORDER GRANTING MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 56 |

The Court grants PACT's motion for leave to amend its Patent Local Rule 3-1 infringement contentions.

**FACTUAL BACKGROUND**

This case was launched on June 20, 2014, when Altera filed a complaint seeking a declaration of noninfringement and invalidity with respect to twelve of PACT's patents. Dkt. No. 1. PACT filed counterclaims alleging infringement of six of those patents on October 8, 2014. Dkt. No. 19.

Five days later, on October 13, 2014, Altera told PACT that it intended to produce its technical documents soon. On October 24, 2014, Altera, without waiting for a discovery request, made a first production of technical documents concerning its products. Three days later, on October 27, 2014, Altera made another production of technical documents. A number of these documents were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the interim protective order that applies by default in patent cases in this district unless the Court enters a different one. *See* Patent Local Rule 2-2 Interim Model Protective Order, http://www.cand.uscourts.gov/filelibrary/775/Interim%20Model%20Patent%20Protective%20Order%20Revised.doc. Under that protective order, the party receiving the confidential material

1  cannot provide the material to its experts without disclosing the experts to the producing party and
2  allowing the producing party 14 days to object. *See* Interim Model Protective Order ¶¶ 7.3(c),
3  7.4(a)-(b).
4        On November 6, 2014, PACT disclosed six experts to Altera. Altera objected, based on
5  the fact that the experts were employed by Alliacense -- a company that Altera had been adverse
6  to in the past and anticipated locking horns with in the future. After a meet and confer on
7  November 12, 2014, failed to resolve the issue, PACT disclosed two additional experts on
8  November 14, 2014: Dr. Moises Robinson and Dr. Marwan Hassoun. On November 17, 2014,
9  Altera requested information about both experts, and on December 2, 2014, withdrew all
10 objections to them. In the meantime, on November 19, 2014, PACT served its infringement
11 contentions.
12       Dr. Robinson began his review of Altera's source code on December 4, 2014, and, later
13 joined by Dr. Hassoun, reviewed Altera's source code for slightly over forty-two hours over the
14 next eight days. PACT received printouts of source code requested by its experts on December
15 17, 2015, and served proposed amended infringement contentions on Altera on December 22,
16 2015. On January 5, 2015, Altera served invalidity contentions, and three days later, PACT filed
17 this motion to amend its infringement contentions.

## LEGAL STANDARD

19       "The local patent rules in the Northern District of California ... require[e] both the plaintiff
20 and the defendant in patent cases to provide early notice of their infringement and invalidity
21 contentions, and to proceed with diligence in amending those contentions when new information
22 comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467
23 F.3d 1355, 1365-66 (Fed. Cir. 2006). Although the rules are intended to require parties to
24 "crystallize their theories of the case early in the litigation," *Nova Measuring Instruments Ltd. v.*
25 *Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006), they allow for "a modest degree
26 of flexibility, at least near the outset." *See Comcast Cable Comm'ns Corp. v. Finisar Corp.*, No.
27 C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). Amendments are permitted
28 upon a "timely showing of good cause," Patent L.R. 3-6, which in turn requires a showing of

diligence by the amending party and no undue prejudice to the other party.  *See O2 Micro*, 467 F.3d at 1366; *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012).

## DISCUSSION

The Court finds that PACT was neither dilatory nor unduly prejudicial in amending the infringement contentions.  Slightly over two months elapsed between Altera's initial production and PACT's motion to amend its infringement contentions.  The amended contentions were served only twenty days after Altera withdrew its objections to PACT's experts.  This timeline hardly amounts to feckless delay.  Our district typically finds lack of diligence when delays run for many weeks or months.  *See DCG Sys.*, 2012 WL 1309161, at *3; *General Atomics v. Axis-Shield ASA*, No. C 05-04074 SI, 2006 WL 2329464, at *2 (N.D. Cal. Aug. 9, 2006) (discussing cases and permitting amendment more than eight months into case).  Even if PACT had taken too long, amendment would be warranted given the fact that, despite being the patentee, it is a declaratory judgment defendant.  *See Comcast*, 2007 WL 716131, at *1.

Altera has a different view of PACT's twenty-day turnaround.  According to Altera, the proper takeaway is that if PACT's experts had begun their review on October 27, PACT could have served amended contentions by mid-November.  This might be true, but it is an unreasonable demand in this case.  Altera would require PACT to have experts fired up and ready to roll on the very day Altera produced its documents.  Even if PACT had disclosed experts to Altera as soon as it was told to expect a document production on October 13 -- a requirement that, as far as the Court is aware, no case from this district has imposed -- it was no in a position to begin review starting October 27 because Altera objected to the experts it had disclosed.  The time the parties spent resolving Altera's objections will not be counted against PACT.  Doing so would require PACT to choose experts Altera would not object to, on pain of forfeiting any claim to diligence.

Altera also argues that portions of the amended contentions rely on public information, like the websites of Altera and third parties.  *See, e.g.*, Part 6 of Ex. A to Motion to Amend at 1001-02, Dkt. No. 55-10.  This might have been a fair point had PACT introduced a new infringement theory based solely on public information.  But the amendments Altera points to are actually based

3

on a combination of public information and Altera confidential information, and there is no indication that PACT would have thought them viable without the confidential information it obtained in December. *See, e.g.*, *id.* at 1003.

There is also no evidence of undue prejudice to Altera if amendment is permitted at this stage. Amendments to contentions have been found not prejudicial even when made four months from the close of fact discovery. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at *3 (N.D. Cal. Apr. 23, 2014); *see also Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding that the two months until fact discovery cutoff was "ample time" to react to proposed amendments). Here, the close of fact discovery is five months away, and the close of claim construction discovery more than six weeks away -- to say nothing of the fact that Altera has now had a copy of the proposed amended contentions for almost sixty days.

Altera says it will take an unfair hit on prior art issues, but this impact is exaggerated and far from unduly prejudicial. The prior art search Altera conducted in drafting invalidity contentions was based on the scope of the claims implied by PACT's initial infringement contentions, but "invalidity claims should stand or fall regardless of another party's theory of claim or scope, even if that party is the patentee." *See Apple, Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012). Plus, given the "ample time left on the pretrial clock," Arista can "pursue any additional art without any undue prejudice." *Id.*

Finally, Altera cries foul at PACT's disclosures under Patent Local Rule 3-1(f). That rule requires that the patentee identify, "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." Patent L.R. 3-1(f). Pursuant to the rule, PACT's infringement contentions said that the patents-in-suit are "entitled to at least the priority dates listed on the face of each patent or identified in the prosecution histories of each patent," *see* Dkt. No. 56-2 at 8, but later, in supplemental interrogatory responses, PACT disclosed earlier dates of conception and reduction to practice, *see* PACT's First Supplemental Responses to Altera's First Set of Interrogatories at 7-9, Dkt. No. 76-4. PACT did not attempt to revise that date in its amended initial disclosures; instead, relying on a case from the Eastern District of Texas

4

interpreting identically-worded local patent rules, it argues that the "priority date" contemplated by Patent Local Rule 3-1(f) refers solely to priority to an earlier application, and not necessarily to the date of conception and reduction to practice. *See EMG Tech., LLC v. Chrysler Group, LLC*, No. 6:12-CV-259, slip op. at 3 (E.D. Tex. Jul. 3, 2013).

The Court declines to resolve the dispute in this procedural posture. Even if Altera's interpretation of Rule 3-1(f) is correct, it is unclear what relief it could be granted as the non-moving party. If it chooses to, it can file a motion to compel amendment of PACT's Patent Rule 3-1(f) disclosures now, or move to strike later if PACT attempts to rely on an earlier priority date (for example, in an expert report). Until then, the Court takes no position on the issue.

**IT IS SO ORDERED**.

Dated: February 19, 2015

_____
JAMES DONATO
United States District Judge