UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>PACT XPP TECHNOLOGIES, AG,<br><br>    Defendant. | Case No. 14-cv-02868-JD<br><br>**ORDER RE MOTION TO COMPEL NARROWING OF ELECTION OF PRIOR ART**<br><br>Re: Dkt. No. 145 |

In this patent infringement case, Altera seeks a declaration that it does not infringe certain PACT patents and that the patents in dispute are invalid. Under the Court's November 5, 2015 Case Management and Scheduling Order, both the patentee (PACT) and the accused infringer (Altera) are required to narrow the number of asserted claims and invalidity theories, respectively. *See* Case Management and Scheduling Order ¶ 4. PACT claims that Altera has not complied with the Court's limits, and seeks an order compelling Altera to drop some of its currently-asserted invalidity theories.

**FACTUAL BACKGROUND**

The Court's Case Management and Scheduling Order calls for invalidity theories to be narrowed in two rounds. In the first round, Altera was to "limit the number of asserted prior art references and obviousness combinations per patent to thirty or less, and the total number of asserted prior art references and obviousness combinations to ninety or less." Case Management and Scheduling Order ¶ 4b. In a second round, set for forty-two days after the claim construction order issues, Altera is required to limit the number of asserted prior art references and obviousness combinations again -- this time to fifteen or fewer per patent, and totaling no more than forty-five overall. *See id.* ¶ 4d. The Court stated that these limits could be modified for good cause shown. *See id.* ¶ 4e.

1    Since January 12, 2015 -- the date on which Altera's initial election of its invalidity
2 theories was due -- the parties have been engaged in back-and-forth on the definition of an
3 "obviousness combination." They have reached an impasse and now ask the Court for guidance.

**DISCUSSION**

The difference in the parties' positions can best be illustrated with an example. Altera currently proposes this election of prior art and obviousness combinations for U.S. Patent No. 6,119,181:

| Primary '181 Patent Reference | Combination (References Combined With Primary Reference) |
|---|---|
| Altera FLEX 10K | PCI Std., Altera AP Note 39, Altera AP Note 41, UART, Vorbach, Xilinx 1996 Data Book, Wittig |
| Butts | PCI Std., Vorbach, Xilinx 1996 Data Book, Wittig |
| Cliff | Altera FLEX 10K, Altera 1996 Data Book, Intel App. Note, Altera App. Handbook, Rambus Tech., RAC Guide, Vorbach, Xilinx 1996 Data Book |
| Altera App. Handbook | Altera 1996 Data Book, PCI Std., Vorbach, Xilinx 1996 Data Book, Wittig |
| Margolus '96 | Altera FLEX 10K, Altera 1996 Data Book, Xilinx 1996 Data Book, Intel App. Note, Altera App. Handbook, Rambus Tech., RAC Guide, Vorbach |
| XC4000 BORG | Xilinx 1996 Data Book, Xilinx ISA AP Note, Vorbach |
| Chang | PCI Std., Xilinx 1996 Data Book, Intel 82375, Vorbach |
| RFPGA | Rambus Arch., Rambus Tech., RAC Guide, Intel App. Note, Altera App. Handbook, Altera FLEX 10K, Altera 1996 Data Book, Xilinx 1996 Data Book, PCI Std., Vorbach |

*See* Altera's Corrected Amended Preliminary Election of Asserted Prior Art at 1-2, Dkt. No. 163-6. By Altera's count, this chart lists twenty-two references and eight obviousness combinations, for a total of thirty. PACT, on the other hand, would count 1,736 -- in other words, every possible sub-combination in each of Altera's proposed combinations.[1]

Although Altera argues that the eight "combinations" it proposes here are the sets of references it would present to a jury if trial were held today, it is hard to imagine that Altera would, in fact, ask a jury to invalidate a patent claim based on some unspecified combination of one primary reference and one or more secondary references. Perhaps recognizing the

---

[1] For each of Altera's proposed combinations, PACT would count $2^n - 1$ combinations, where $n$ denotes the number of secondary references for each primary reference.

2

1 dubiousness of this claim, Altera also contends that PACT actually knows, based on Altera's
2 invalidity contentions, that certain sub-combinations will not actually be presented as grounds for
3 invalidating a claim as obvious. If so, Altera should list the sub-combinations that it will present
4 in its election of invalidity theories. As it stands, it is impossible to tell from Altera's election
5 alone how many sub-combinations there are that Altera believes invalidate the asserted claims.

6 Altera does make a colorable point that the number of prior art references and obviousness
7 combinations is driven by the number of claim *elements* at issue, which bears no necessary
8 relationship with the number of asserted claims and the number of asserted patents. It may
9 therefore be unfair, under some circumstances, to impose per-patent limits on the number of prior
10 art references and obviousness combinations. Take the following stylized example, in which the
11 patentee asserts two claims: claim 1 and claim 2, which depends from claim 1.

**Table 1.  Invalidity Chart for Claim 1**

| Element | Prior Art |
|---------|-----------|
| [1]     | Ref. A    |
| [2]     | Ref. A    |
| [3]     | Ref. B    |

**Table 2.  Invalidity Chart for Claim 2**

| Element | Prior Art |
|---------|-----------|
| [1]     | Ref. A    |
| [2]     | Ref. A    |
| [3]     | Ref. B    |
| [4]     | Ref. C    |
| [5]     | Ref. D    |

25 A factual predicate to the legal determination of obviousness is the differences, if any,
26 between the prior art and the claimed invention. *See Graham v. John Deere Co. of Kansas City*,
27 383 U.S. 1, 17 (1966). A factfinder making this determination for claim 2 would compare prior
28 art reference A to elements [1] and [2]; reference B to element [3], reference C to element [4], and

3

1  reference D to claim [5].  Having done this, the factfinder would face no additional burden
2  evaluating claim 1, since it has already made the necessary comparisons with respect to claim 2.
3  Arguably, the party asserting invalidity should not have the theories in claim 1 count against its
4  limit.

5       The problem with counting prior art references on a per-claim or per-patent basis, as
6  opposed to a per-element basis, becomes more acute when multiple references are asserted against
7  a given element.  Consider the following example:

**Table 3.  Revised Invalidity Chart for Claim 2**

| Element | Prior Art |
|---|---|
| [1] | Ref. A |
| [2] | Ref. A |
| [3] | Ref. B *or* Ref. E |
| [4] | Ref. C *or* Ref. F |
| [5] | Ref. D *or* Ref. G |

15      Here, the burden on the factfinder has not increased much:  compared to Table 2, there are
16 only three additional comparisons that need to be made (i.e., [3] against Ref. E, [4] against Ref. F,
17 and [5] against Ref. G).  But measured on a per-claim basis, the number of combinations asserted
18 against claim 2 has grown from one to eight (A+B+C+D, A+B+C+G, A+B+F+D, A+B+F+G,
19 A+E+C+D, A+E+C+G, A+E+F+D, A+E+F+G).

20      As far as the Court is aware, no other court has ordered narrowing of prior art references
21 on a per-limitation basis, likely because that would lead to interminable disputes over the
22 definition of a claim limitation.  Instead, both the Federal Circuit Advisory Council's Model Order
23 Limiting Excess Patent Claims and Prior Art and the Eastern District of Texas's Model Order
24 Focusing Patent Claims and Prior Art to Reduce Costs call for limitations on prior art on a per-
25 patent basis.  *See* Federal Circuit Model Order ¶¶ 2-3, *available at*
26 http://patentlyo.com/media/docs/2013/07/model-order-excess-claims.pdf (accessed Jun. 19,

2015);[2] E.D. Tex. Model Order ¶ 3, *available at* http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=24166 (accessed Jun. 19, 2015).  The safety valve provided in the model orders and this Court's order is that Altera can move to increase the limits for good cause.

The Court gives the parties the following guidance regarding how prior art references and obviousness combinations should be counted:

1. If Altera asserts an obviousness combination, subsets of that combination do not count unless Altera asserts that those subsets render a claim obvious.  For example, if Altera selects an obviousness combination consisting of A+B+C, then A+B or A alone do not necessarily count against the limit.  They would do so only if Altera contends that A+B alone -- or A alone -- would render an asserted claim obvious.  For instance, in the example Altera provides in its briefing with respect to the '181 patent, it asserts three primary references, three references that provide details of the processing unit, and three references that provide details of the interface unit, the total number of prior art references and obviousness combinations would be 27 (3x3x3).  *See* Altera Opp. at 11:4-8.
2. Conversely, if Altera selects only the obviousness combination A+B+C, it cannot later assert a subset of that combination before the factfinder.
3. The same prior art reference or obviousness combination asserted against multiple patents counts only as a single reference with respect to the overall limit of 90 references or obviousness combinations.
4. Multiple documents that describe a single prior art device count as a single prior art reference.  In this situation, it is the device that is the asserted prior art; the documents are merely evidence to describe it.  *See Unitherm Food Sys., Inc. v. SwiftEckrich, Inc.*, 375 F.3d 1341, 1352-54 (Fed. Cir. 2004) (relying on "contemporaneous correspondence, color photographs, witness testimony, and promotional videos" to establish characteristics of anticipating Unitherm process), *rev'd on other grounds*, 546 U.S. 394 (2006); *Sonoscan, Inc. v. Sonotek, Inc.*, 936 F.2d 1261, 1263 (Fed. Cir. 1991) ("That the offered product is in fact the claimed invention may be established by any relevant evidence, such as memoranda, drawings, correspondence, and testimony of witnesses.").

If Altera has a good-faith basis for arguing that these limits are unduly restrictive, it may move to increase them.  The Court emphasizes that that request must be supported by good-faith facts set forth in a declaration.  The request should be made in the form of a letter brief not to exceed three pages in addition to the declaration.  It should include examples of other courts that

---

[2] The Federal Circuit Advisory Council's Model Order was previously posted on the Federal Circuit's website, but was later taken down to make clear that neither the court nor the advisory council "sponsor[s] or endorse[s]" the order.  *See* http://www.cafc.uscourts.gov/images/model_orders.pdf.

5

have allowed similar increases. For example, although Altera claims that it would be prejudiced by the requirement that it select no more than 15 prior art references and combinations per patent and no more than 45 overall prior to expert reports, the Eastern District of Texas's model order requires selecting, by the opening expert reports deadline, 6 prior art references per patent and no more than 20 overall, with each obviousness combination counting as a separate reference. *See* E.D. Tex. Model Order ¶ 3. The Court notes that its limits on prior art references are more generous than either the Federal Circuit Advisory Council's or the Eastern District of Texas's model orders, although the Eastern District of Texas's model order does not impose any limitations on obviousness combinations in the initial election of asserted prior art. *See id.*

## CONCLUSION

Altera is directed to file an amended election of prior art that complies with this order by July 3, 2015. If it seeks to modify the limits set by the Court's orders for good cause, it should move well in advance of the July 3 deadline.

**IT IS SO ORDERED.**

Dated: June 19, 2015

_____
JAMES DONATO
United States District Judge