UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PACT XPP TECHNOLOGIES, AG,<br><br>Defendant. | Case No. 14-cv-02868-JD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 133 |

In this patent infringement declaratory judgment action, Altera, the declaratory judgment plaintiff and accused infringer, moves to amend its invalidity contentions. The Court grants the motion in part and denies it in part.

## I. FACTUAL BACKGROUND

This case was filed by Altera in this district on June 20, 2014. *See* Dkt. No. 1. On November 19, 2014, PACT, as the patentee and party asserting infringement, served its initial infringement contentions, as required by Patent Local Rule 3-1. *See* Declaration of Karl Kramer ¶ 4, Dkt. No. 134. After reviewing Altera's source code, PACT served amended infringement contentions on December 22, 2014. *See id.* ¶ 5. The next day, it served supplemental interrogatory responses, in which it asserted earlier priority dates for the asserted patent claims than it had previously. *See* Supplemental Response to Altera Interrogatory No. 2, Dkt. No. 139-3. It proceeded to file a motion to amend its infringement contentions on January 8, 2015, *see* Dkt. No. 56, which the Court granted on February 19, 2015, *see* Dkt. No. 100.

Altera served its initial invalidity contentions pursuant to Patent Local Rule 3-3 on January 5, 2015. Kramer Decl. ¶ 7. It then served a subpoena on third party Rambus on January 7, 2015; according to Altera, Rambus produced its documents in two waves, the first on January 30, 2015, and the second on February 26, 2015. *See id.* ¶ 10.

Altera served amended invalidity contentions on March 24, 2015, in which it modified 33 of the 55 claim charts included in its original set of contentions. *See id.* ¶ 11. After failing to obtain PACT's agreement to all of its changes, it filed this motion for leave to amend its invalidity contentions on April 15, 2015. *See* Dkt. No. 33.

## II.  LEGAL STANDARD

This district's Local Patent Rules allow amending infringement contentions "only by order of the Court upon a timely showing of good cause." *See* Patent L.R. 3-6. A precondition to demonstrating good cause is "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363 & 1366 (Fed. Cir. 2006). If diligence is shown, then the moving party must also demonstrate that the other party will not be prejudiced by the amendment. *See Takeda Pharmaceutical Co., Ltd. v. TWi Pharmaceuticals, Inc.*, No. 13-cv-02420-LHK, 2015 WL 1227817, at *6-7 (N.D. Cal. Mar. 17, 2015).

## III.  DISCUSSION

Altera's proposed amendments fall into four categories: correction of "obvious errors"; amendments allegedly responsive to PACT's amended infringement contentions; amendments in response to the earlier priority dates PACT disclosed on December 23, 2014; and adding language that was inadvertently omitted in the charts dealing with claim 17 of U.S. Patent No. 6,119,181. PACT does not oppose the amendments in the first category, so those changes are permitted.

### A.  Responses to PACT's Amended Infringement Contentions

The changes that Altera claims are justified by the amended infringement contentions PACT served on December 22, 2014, are limited to the addition of language dealing with the Altera Application Briefs 113 and 114 references, the Altera Flex 10K Datasheet reference, and the Altera 1995 Databook reference to the portion of Exhibit F.2 of its invalidity contentions dealing with claim 11 of U.S. Patent No. 7,565,525. *See* Amended Invalidity Contentions at 1687, 1772-74, Dkt. No. 138-3. (Altera also seeks to make changes to Exhibits F.4 and F.5, but PACT does not oppose these so the Court allows them.) Altera claims that the functionality described in the new citations is similar to aspects of Altera's devices that were cited for the first time in

2

PACT's amended infringement contentions.

A comparison of PACT's amended contentions with Altera's suggests that the proposed amendments to Exhibit F.2 can fairly be characterized as responsive to PACT's changes. As the Court told the parties at the February 18, 2015, hearing in this case, such responsive amendments would be permitted. *See* Feb. 18, 2015, Hearing Tr. 15:14-20, Dkt. No. 131.

The Court is concerned about why Altera took three months after PACT's amended infringement contentions to serve amended invalidity contentions. *See O2 Micro*, 467 F.3d at 1367 (affirming district court's holding that three months delay showed lack of diligence); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) (holding that a delay of "almost three months" was improper); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) (finding "over two and a half months" too long). *But see Nuance Comm'ns, Inc. v. Abbyy Software House*, C 08-02912 JSW (MEJ), 2012 WL 2427160, at * 2 (N.D. Cal. June 26, 2012) (finding a "few months" diligent); *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *3-4 (N.D. Cal. Feb. 18, 2011) (finding four months diligent). Altera says it held off so that it could combine these changes with other additions based on the completion of Rambus's production, which are addressed below, and because it did not know until February 19, 2015, that the Court would allow PACT's proposed amended contentions.

It is generally good practice to move to amend contentions on a rolling basis (or at least to serve each set of changes as it's completed) to minimize prejudice to the other party and to avoid conflating the diligence inquiry for multiple sets of amendments. But in this specific case, given the Court's prior indication that it would allow responsive changes, the fact that some courts in this district have permitted delays of similar length, and Altera's desire to move with respect to all its amendments at one go, the Court excuses a delay that might otherwise be fatal to Altera's claim of diligence. The Court also finds that the amendment is not prejudicial because they preceded the deadline for PACT's opening claim construction brief by several weeks, giving PACT enough time to incorporate any necessary changes into its claim construction positions. The amendments in this category are permitted.

### B.     Responses to PACT's New Priority Dates

The newly-added citations in Altera's second category are asserted to be in response to the new priority dates PACT asserted in its December 23, 2014, supplemental interrogatory responses.[1]  The new references, like the parts of Gaul, are three in number:  German Patent Application DE 44 16 881 A1, by Martin Vorbach, one of the named inventors on the patents-in-suit; Ralph D. Wittig, OneChip: An FGPA Processor with Reconfigureable Logic (1995); and the Rambus ASIC Cell User Guide and Specification (1993).

The problem is that each of these would have been relevant prior art even under PACT's initial claimed priority date, and could, and probably should, have been included in Altera's initial infringement contentions.  Altera's rejoinder is that "[t]he Wittig and Rambus references were added to strengthen existing references that predate PACT's new priority dates" and "[t]he Vorbach reference was added to replace an existing reference that may not predate PACT's new priority dates."  *See* Altera's Reply at 6:24-25, Dkt. No. 157.  What Altera means by that is completely unclear.  Altera had nothing to lose by charting the references in the first place.  Presumably, a party asserting invalidity would want each of their theories to be as strong as possible, even if it thought it had other, more squarely on-point theories that depended on later art.  It would be one thing if Altera, on finding out PACT's earlier alleged date of conception, renewed its search for prior art that predated the new date and as a result turned up the three references.  But that is not what Altera says happened here:  Altera does not claim that it found the three references it seeks to add for the first time after PACT's amended infringement contentions were served.  In fact, Altera doesn't say when it came upon the Wittig reference at all, which is a necessary precondition to determining whether it was diligent in amending its contentions to include it.  And it is clear that Altera knew about the Vorbach application even before PACT disclosed its new priority date, since it was cited in its initial invalidity contentions.  *See* Proposed Amended Invalidity Contentions at 7, Dkt. No. 135-1.  Leave to add the proposed citations to the

---

[1] PACT claims that the relevant priority dates were made known to Altera before December 23 through its earlier document productions.  That does not hold water:  Altera is entitled to be told what priority dates PACT claims for its own asserted patents, and not be forced to divine it from a document production.

Vorbach and Wittig references that fall into this category is denied.

The situation with respect to the Rambus reference is unclear. Altera does not specifically say when it obtained the reference, but the fact that it was one of the documents Altera requested in its January 7, 2015, subpoena to Rambus suggests that it did not have a copy when it served its initial invalidity contentions. *See* Altera Subpoena to Rambus at PDF p. 8, Dkt. No. 159-1. If so, Altera will be permitted to add citations to this reference for the reasons given with respect to the third category, addressed below. If not, leave is denied for the same reasons given for the Vorbach and Wittig references.

### C. Documents Obtained from Rambus

The third category of edits Altera seeks to make consists of citations to documents obtained from Rambus via subpoena. The subpoena was served on January 7, 2015, and Rambus's production was completed on February 26, 2015. *See* Kramer Decl. ¶ 10.

PACT's main argument against these proposed changes is that Altera could have issued its subpoena earlier. Maybe so, but it could also legitimately have felt that the subpoena was necessary only when PACT disclosed its new priority dates on December 23, 2014. It is understandable that the earlier priority dates would affect Altera's calculus in deciding whether to issue a subpoena, since in making that decision, Altera was bound to balance the potential value of Rambus's production against the downside of putting a third party to the trouble of dredging up documents relevant to technologies that might end up being irrelevant.

The Court finds that the gap of slightly less than one month between the completion of Rambus's production and the service of the amended invalidity contentions is not a sign of indolence, and finds no prejudice. Leave to add citations to the Rambus-produced documents is granted.

### D. Correcting Errors in Charts for Claim 17 of the '181 Patent

The final category of proposed changes seeks to add certain citations and language that the parties apparently agree was inadvertently omitted from Altera's initial charts. What appears to have happened is that Altera's initial charts misquoted the first element of the claim and then based the charted invalidity theory on the incorrectly-quoted element. *See, e.g.*, Proposed

5

Amended Invalidity Contentions at 499-500, Dkt. No. 136-1.  Altera claims in briefing that it discovered the error on March 7, 2015.  *See* Dkt. No. 157 at 8:24-26.  Cases in this district are split on whether correcting an inadvertent error is consistent with diligence.  *Compare West v. Jewelry Innovs., Inc.*, No. C 07-1812 JF (HRL), 2008 WL 4532558, at *4 (N.D. Cal. Oct. 8, 2008) *and Berger v. Rossignol Ski Co., Inc.*, No. C 05-02523 CRB, 2006 WL 1095914 at *5 (N.D. Cal. Apr. 25, 2006) *with Apple, Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK (PSG), 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012).  Since PACT does not suggest any bad faith on Altera's part, and sinking an invalidity theory due to an honest if careless mistake is a harsh result, the Court allows the correction.

**IT IS SO ORDERED.**

Dated: June 19, 2015

_____
JAMES DONATO
United States District Judge