UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTERA CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>PACT XPP TECHNOLOGIES, AG,<br><br>          Defendant. | Case No. 14-cv-02868-JD<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 55, 58, 72, 79, 88, 106, 205 |

This order resolves the pending administrative motions to file documents under seal in this case. One of the motions, filed at Dkt. No. 58, is associated with a motion that has since been withdrawn, and is therefore moot. *See* Notice of Withdrawal of Motion, Dkt. No. 66. Another, filed at Dkt. No. 106, involved a document that the Court had previously given permission to be filed under seal, *see* Dkt. No. 105, and is therefore granted. The Court rules on the remaining motions, filed at Dkt. Nos. 55, 72, 79, 88, and 205, as set forth below.

**I.  GOVERNING STANDARD**

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic, "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records

attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted).  Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1138).  In either case, however, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. Nov. 18, 2013)).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must also comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," *i.e.*, is "sealable."  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

## II. DISCUSSION

Each of the pending motions is associated with non-dispositive motions, so the "good cause" standard applies.

### A. PACT's January 8, 2015, Motion (Dkt. No. 55)

PACT's administrative motion to seal seeks to seal portions of its motion for leave to amend its infringement contentions, as well as portions of the exhibits, based on the fact that Altera designated the material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the protective order in this case.  Pursuant to Civil Local Rule 79-5(e), Altera submitted a declaration seeking to establish that the material in question is sealable.  *See* Declaration of Adela Gotz, Dkt. No. 64.  The Court rules as follows:

| Document | Portions to Be Filed Under Seal | Reason Material is Sealable | Ruling |
|---|---|---|---|
| PACT's Motion for Leave to Amend its Infringement Contentions | As indicated in the public redacted version of PACT's Motion for Leave to Amend its Infringement Contentions, line 6 of page 4. | Refers to sealable material from exhibits. | **Granted.** |
| Exhibit A to PACT's Motion for Leave to Amend its Infringement Contentions | As indicated in the public redacted version of Exhibit A attached to the Declaration of Kristen E. Lovin, portions of pages: 37-45; 299-308; 480-488; 599-608; 626-630; 633-635; 638-642; 703-704; 706-710; 749-750; 752-755; 791-800; 817-819; 823-827; 846-847; 877-878; 884-887; 927-935; 955-957; 962-966; 1045-1054; 1077-1081; 1098-1102; 1133-1136; 1150-1158; 1170-1171; 1181-1189; 1235; 1248-1256; 1269-1270; 1281-1282; 1292-1293; 1304-1307; 1319;1365-1366; 1376-1377; 1381-1382; 1398-1399; 1434-1444; 1458-1462; 1469-1473; 1503-1505; 1521-1522; 1527-1536; 1562-1563; 1576; 1584-1585; 1590-1591; 1603-1605; 1614; 1651-1660; 1677-1681; 1689-1693; 1720-1723; 1743; 1751-1759; 1786-1787; 1820-1829; 1832-1838; 1894-1899; 1949-1959; 1961-1967; 2029-2035; 2076-2086; 2088-2094; 2163-2169; 2187-2188; 2244-2245; 2250; 2270; 2272-2276; 2355-2356; 2366; 2392-2395; 2443-2444; 2454; 2484-2487; 2550-2551; 2556; 2585; 2588-2592; 2663-2664; 2674; 2700-2702; 2786-2787; 2801; 2837-2840; 2895-2896; 2902; 2921; 2923-2927; 3007-3030; | Information is taken from sensitive internal product design documents and electronic schematic files whose disclosure could provide an unfair advantage to competitors. *See* Gotz Decl. ¶ 3. | **Granted.** |

| | | | |
|---|---|---|---|
| | 3059-3074; 3155-3179; 3211-3228; 3298-3322; and 3349-3365. | | |
| Exhibit G to PACT's Motion for Leave to Amend its Infringement Contentions | As indicated in the public redacted version of Exhibit G attached to the Declaration of Kristen E. Lovin, portions of pages: 1 and 3. | Internal code names and file names that could cause competitive harm if disclosed to competitors or others. *See* Gotz Decl. ¶ 4. | **Granted.** |
| Exhibit H to PACT's Motion for Leave to Amend its Infringement Contentions | As indicated in the public redacted version of Exhibit H attached to the Declaration of Kristen E. Lovin, portions of page 1. | Internal code names and file names that could cause competitive harm if disclosed to competitors or others. *See* Gotz Decl. ¶ 4. | **Granted.** |

**B.    PACT's January 22, 2015, Motion (Dkt. No. 72)**

PACT's administrative motion to seal seeks to seal portions of its motion to disqualify Dr. Harry Tredennick, along with the entirety of three transcripts from the deposition of Dr. Tredennick in *PACT XPP Technologies, AG v. Xilinx, Inc.*, Case No. 2:07-cv-563-CE, in the Eastern District of Texas and Dr. Tredennick's validity expert report in that case.

PACT says that the material is sealable because third-party Xilinx has designated the material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order in this case. Pursuant to Civil Local Rule 79-5(e), Xilinx submitted a declaration seeking to establish that the material in question is sealable. *See* Declaration of Marc Cohen, Dkt. No. 64. The Court rules as follows:

| Document | Portions to Be Filed Under Seal | Reason Material is Sealable | Ruling |
|---|---|---|---|
| PACT's Motion | As indicated in the public redacted version of PACT's Motion to Disqualify Dr. Harry Tredennick and Motion for Protective Order, portions of pages: 9, 10, and 11. | Refers to sealable material from exhibits. | **Denied.** The redacted portions give a rough estimate of the number of hours spent by Dr. Tredennick on the Texas litigation and prior art references discussed in his expert report that Altera relies on in |

4

| | | | |
|---|---|---|---|
| | | | this case. Xilinx's declaration makes no showing of good cause to seal this information. |
| Exhibit G to PACT's Motion | Entire document | Contains Xilinx proprietary technical information and it would be burdensome for non-party Xilinx to redact only the confidential portions. | **Granted.** Ordinarily, the Court would not permit an entire document to be sealed where only subsets of the document are sealable. *See* Civil L.R. 79-5(b) (requests to seal "must be narrowly tailored to seek sealing only of sealable material"). But in light of the fact that Xilinx is a third party and the burdens involved in redacting a document of this size, the Court grants the request. |
| Exhibit H to PACT's Motion | Entire document | Contains Xilinx proprietary technical information and it would be burdensome for non-party Xilinx to redact only the confidential portions. | **Granted.** See above. |
| Exhibit I to PACT's Motion | Entire document | Contains Xilinx proprietary technical information and it would be burdensome for non-party Xilinx to redact only the confidential portions. | **Granted.** See above. |
| Exhibit J to PACT's Motion | Entire document | Contains Xilinx proprietary technical information and it | **Granted.** See above. |

| | | would be burdensome for non-party Xilinx to redact only the confidential portions. | |
|---|---|---|---|

### C.   PACT's January 29, 2015, Motion (Dkt. No. 79)

PACT's administrative motion to seal seeks to seal portions of an Altera interrogatory response attached to its reply in support of its motion for leave to amend its infringement contentions, based on the fact that Altera designated the material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order in this case. Pursuant to Civil Local Rule 79-5(e), Altera submitted a declaration seeking to establish that the material in question is sealable. *See* Declaration of Adela Gotz, Dkt. No. 82. The Court rules as follows:

| Document | Portions to Be Filed Under Seal | Reason Material is Sealable | Ruling |
|---|---|---|---|
| Exhibit M to PACT's Reply in Support of its Motion for Leave to Amend its Infringement Contentions | Portions of pages 3 and 4, as indicated in the public redacted version. | Internal project numbers and product names that could cause competitive harm if disclosed to competitors or others. *See* Gotz Decl. ¶ 3. | **Granted.** The motion only seeks to redact two columns from an Altera interrogatory response listing project numbers and internal product names. |

### D.   PACT's February 12, 2015, Motion (Dkt. No. 88)

PACT's administrative motion to seal seeks to seal portions of its reply in support of its motion to disqualify Dr. Harry Tredennick. PACT says that the material is sealable because third-party Xilinx has designated the material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order in this case. Pursuant to Civil Local Rule 79-5(e), Xilinx submitted a declaration seeking to establish that the material in question is sealable. *See* Declaration of Marc Cohen, Dkt. No. 93. The Court rules as follows:

| Document | Portions to Be Filed Under Seal | Reason Material is Sealable | Ruling |
|---|---|---|---|
| PACT's Reply | As indicated in the public redacted version of PACT's Reply, portions of pages 1 and 3-6. | Refers to sealable material from exhibits. | **Denied.** The redacted portions give a rough estimate of the number of hours spent by Dr. Tredennick on the Texas litigation, objections made by PACT's counsel during his deposition in the Texas litigation, and other non-sensitive testimony. The information redacted at Dkt. No. 89 at 2:12 was already filed in the public record at Dkt. No. 73 at 1:19. Xilinx's declaration does not discuss, much less show good cause to seal, this specific information. |

**A.   PACT's July 27, 2015, Motion (Dkt. No. 205)**

PACT's administrative motion to seal seeks to seal portions of a discovery letter brief, based on the fact that Altera designated the material "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order in this case.  Altera has not filed the supporting declaration necessary under Civil Local Rule 79-5(e) to maintain this information under seal, so the Court denies the motion.

## III. CONCLUSION

To the extent an administrative motions to file under seal discussed in this order was denied with respect to a document, PACT should file an unredacted version of the document within 7 days of this order, except with respect to the administrative motion to file under seal at Dkt. No. 205. With respect to that motion, PACT should file the document in the public record no earlier than 4 days, and no later than 10 days, from the date of this order, pursuant to Civil Local Rule 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
JAMES DONATO
United States District Judge